UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT ELEFANTE )<br>    Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>EDUCATION, )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., )<br>EQUIFAX INFORMATION SERVICES, LLC, )<br>and )<br>TRANSUNION, LLC )<br>    Defendants )<br>) | CASE NO: |

**COMPLAINT**

**I. INTRODUCTION**

1. This is a suit brought by a consumer, Robert Elefante, against Defendants United States Department of Education, Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and Breach of the Higher Education Act.

**II. PARTIES**

2. Plaintiff, Robert Elefante, is a natural person residing in Woolrich, Maine. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

3. Defendant United States Department of Education (USDE) is an agency of the United States Government that is now the holder of the alleged note at issue, and the overseer of the Federal Loan Program controlled by the Higher Education Act, 20 U.S.C. § 1001 et seq

4. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation,

headquartered in Costa Mesa, California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

5. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, headquartered in Atlanta, Georgia and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6. Defendant TransUnion, LLC is a Georgia limited liability company, headquartered in Chicago, Illinois and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

### III. JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

8. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

9. Venue in this Court is proper, as the Plaintiff is a resident of Maine and the violations that are the subject of this litigation occurred within this State.

### IV. FACTUAL ALLEGATIONS

10. On March 24, 2008, an FFEL Parent PLUS Loan promissory note (the "Note") was allegedly signed by Plaintiff.

11. At no time did Robert Elefante sign or affix his signature to the Note

12. Defendant USDE claims to own and have the right to enforce the Note.

13. The address on the Note was 369 Kirks Lane, Drexel Hill, PA 19026, which belonged to Plaintiff's ex-wife, Julia Elefante. Robert Elefante had vacated that address 2 years prior as he had separated from his wife in October 2006.

14. The e-mail address on the Note was jelefante@rcn.com, which belonged to the Plaintiff's ex-wife Julia. At no time has Robert Elefante used or had access to this e-mail address.

15. The phone number on the Note was 610-248-2443, which belonged to the Plaintiff's ex-wife Julia. At no time has Robert Elefante used or had access to this phone number.

16. The Note appears to have been signed electronically.

17. At the time of the signing of the Note, Robert Elefante was not in contact with his daughter for whom this loan would benefit.

18. At no time was Robert Elefante asked to complete this Note.

19. At no time did Robert Elefante request an FFEL Parent PLUS loan.

20. At no time did Robert Elefante ever give authorization for his name to be electronically signed by his ex-wife or daughter or by any other person.

21. In February of 2018, Robert Elefante disputed the debt evidenced by the Note directly with the USDE by completing a Loan Discharge Application: False Certification (Unauthorized Signature/Payment).

22. An Affidavit with supporting documents was included with the Loan Discharge Application, including a Police Report.

23. The USDE declined to discharge the loan, despite the evidence presented to it.

24. In August of 2018, after being threatened with an administrative wage garnishment for this same loan, Robert Elefante disputed this debt with Default Resolution, the in-house collection agency for the USDE. The letter was received by the DRG/USED on August 24, 2018. It included all the same evidence presented to the USDE with the February 2018 Loan Discharge Application.

25. On January 18, 2019, Robert Elefante disputed the reporting of this debt on his consumer credit reports by mailing dispute letters to the Defendants, Equifax, Experian, and Trans Union. The dispute letters included a copy of the February 2018 Loan Discharge Application, the Affidavit, and all accompanying documents.

26. Experian responded on February 3, 2019 stating it would put a fraud alert on Robert Elefante's credit file. Experian's investigation stated that there was not enough information provided to allow Experian to delete or remove the reporting by the USDE, and thus, the report still shows the fraudulent loan.

27. Equifax responded on February 3, 2019 stating it would put a fraud alert on Robert Elefante's credit file. Equifax never responded with a finding of their investigation into the January dispute.

28. Trans Union never responded to the January dispute.

29. In July of 2019, Robert Elefante was denied credit due to "collections" reported on his credit reports. At the time, the loan at issue was the only debt reported in collections on Robert Elefante's credit reports.

30. In September of 2019, Robert Elefante was again denied credit due to "collections" reported on his credit reports. At the time, the loan at issue was the only debt reported in collections on Robert Elefante's credit reports.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment – Defendant United States Department of Education**

31. Plaintiff incorporates the allegations of Paragraphs 1-30 above as if set forth fully in this First Cause of Action.

32. The loan at question was never signed for, authorized by, or requested by Robert Elefante.

33. The information attached to the Loan Discharge Application is evidence that no contract for an FFEL Parent PLUS Loan was ever entered into by Robert Elefante.

WHEREFORE, as against the United States Department of Education, Plaintiff prays for the following relief:

A. A declaratory judgment ordering that Plaintiff has no liability to the U.S. Department of Education on the Note;

B. Preliminary and permanent injunctions ordering that the U.S. Department of Education must arrange to immediately delete and terminate all reporting by the credit reporting agency defendants regarding the loan at issue on Plaintiff's credit reports; and

C. An order for such other and further relief as the court shall deem appropriate.

## SECOND CAUSE OF ACTION
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Experian**

31. Plaintiff incorporates the allegations of Paragraphs 1-30 above as if set forth fully in this Second Cause of Action.

32. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

33. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Experian.

34. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

35. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

36. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

37. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though denial of credit, as well as emotional distress.

38. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

WHEREFORE, as against Defendant Experian, Plaintiff prays for the following relief:

A. An award of actual damages;

B. An award of statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k;

C. An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D. . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*;; and

E. For such other and further relief as the court shall deem appropriate.

**THIRD CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. – Defendant Equifax**

31. Plaintiff incorporates the allegations of Paragraphs 1-30 above as if set forth fully in this Third Cause of Action.

32. Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

33. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation

in response to consumer disputes, such as those Plaintiff lodged with Equifax.

34. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

35. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

36. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

37. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though increased denial of credit, as well as emotional distress.

38. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

WHEREFORE, as against Defendant Equifax, Plaintiff prays for the following relief:

A.  An award of actual damages;

B.  An award of statutory damages 15 U.S.C. § 1681n and § 1692k;

C.  An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D.  . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*; and

E.  For such other and further relief as the court shall deem appropriate.

**FOURTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant TransUnion**

31. Plaintiff incorporates the allegations of Paragraphs 1-30 above as if set forth fully in this Fourth Cause of Action.

32. TransUnion is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

33. Pursuant to FCRA § 1681i, TransUnion has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with TransUnion.

34. TransUnion violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

35. TransUnion failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

36. When preparing a credit report regarding a consumer, TransUnion is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

37. As a result of TransUnion failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though denial of credit, as well as emotional distress.

38. For its willful violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

39. For its negligent violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

WHEREFORE, as against Defendant Transunion, Plaintiff prays for the following relief:

A. An award of actual damages;

B. An award of statutory damages 15 U.S.C. § 1681n and § 1692k;

C. An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D. . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*; and

E.  For such other and further relief as the court shall deem appropriate.

DATED: December 14, 2020

**PLAINTIFF, ROBERT ELEFANTE**

By:  \_\_/s/ Thomas. A Cox\_\_\_\_
Thomas A. Cox, Esq., Me. Bar No. 1248
P.O. Box 1314
Portland, Maine 04104
(207) 749-6671
tac@gwi.net


By:  \_\_/s/ Joshua Cohen\_\_\_\_
Joshua Cohen, pro hac vice (to be filed)
Cohen Consumer Law, PLLC
PO Box 1639
West Dover, VT  05356
Tel (802) 380-8887
jcohen@thestudentloanlawyer.com