## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **ROBERT ELFANTE** )<br>    **Plaintiff** )<br>)<br>**v.** )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**EDUCATION,** )<br>**EXPERIAN INFORMATION SOLUTIONS,** )<br>**INC.,** )<br>**EQUIFAX INFORMATION SERVICES, LLC,** )<br>**and** )<br>**TRANSUNION, LLC** )<br>    **Defendants** )<br>) | **CASE NO: 2:20-CV-00463-LEW** |

### AMENDED COMPLAINT

## I.  INTRODUCTION

1.   This is a suit brought by a consumer, Robert Elefante, against the United States

Department of Education for violations of the Administrative Procedure Act ("APA"), 5 U.S.C.

§701 *et seq.*, and against Experian Information Solutions, Inc., Equifax Information Services,

LLC, and TransUnion, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681 *et seq.*

## II.  PARTIES

2.   Plaintiff, Robert Elefante, is a natural person residing in Woolrich, Maine.  Plaintiff

is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

3.   Defendant United States Department of Education (USDE) is an agency of the United

States Government that is now the holder of the alleged note at issue, and the overseer of the

Federal Loan Program controlled by the Higher Education Act, 20 U.S.C. § 1001 et seq

4.   Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, headquartered in Costa Mesa, California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

5.   Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, headquartered in Atlanta, Georgia and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6.   Defendant TransUnion, LLC is a Georgia limited liability company, headquartered in Chicago, Illinois and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

## III.  JURISDICTION

7.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

8.   This Court has jurisdiction over the defendants because they regularly conduct business in this state.

9.   Venue in this Court is proper, as the Plaintiff is a resident of Maine and the violations that are the subject of this litigation occurred within this State.

## IV.  FACTUAL ALLEGATIONS

10. On March 24, 2008, an FFEL Parent PLUS Loan promissory note (the "Note") was allegedly signed by Plaintiff for the benefit of his daughter's college education.

11. This resulted in a loan (the "Debt") being originated and funds sent to daughter's college.

12. At no time did Robert Elefante sign or affix his signature to the Note.

13. Defendant USDE claims to own and have the right to enforce the Note and resulting Debt.

14. The address on the Note was 369 Kirks Lane, Drexel Hill, PA 19026, which belonged to Plaintiff's ex-wife, Julia Elefante. Robert Elefante had vacated that address 2 years prior as he had separated from his wife in October 2006.

15. The e-mail address on the Note was jelefante@rcn.com, which belonged to the Plaintiff's ex-wife Julia. At no time has Robert Elefante used or had access to this e-mail address.

16. The phone number on the Note was 610-248-2443, which belonged to the Plaintiff's ex-wife Julia. At no time has Robert Elefante used or had access to this phone number.

17. The Note appears to have been signed electronically.

18. At the time of the signing of the Note, Robert Elefante was not in contact with his daughter for whom this loan would benefit.

19. At no time was Robert Elefante asked to complete this Note.

20. At no time did Robert Elefante request an FFEL Parent PLUS loan.

21. At no time did Robert Elefante ever give authorization for his name to be electronically signed by his ex-wife or daughter or by any other person.

22. In February of 2018, Robert Elefante disputed the Debt evidenced by the Note directly with the USDE by completing a Loan Discharge Application: False Certification (Unauthorized Signature/Payment).

23. An Affidavit with supporting documents was included with the Loan Discharge Application, including a Police Report.

24. The USDE declined to discharge the Debt, despite the evidence presented to it.

25. In August of 2018, after being threatened with an administrative wage garnishment for this same Debt, Robert Elefante disputed this Debt with Default Resolution, the in-house collection agency for the USDE. The letter was received by the DRG/USED on August 24, 2018. It included all the same evidence presented to the USDE with the February 2018 Loan Discharge Application.

26. On January 18, 2019, Robert Elefante disputed the reporting of this Debt on his consumer credit reports by mailing dispute letters to the Defendants, Equifax, Experian, and Trans Union. The dispute letters included a copy of the February 2018 Loan Discharge Application, the Affidavit, and all accompanying documents.

27. Experian responded on February 3, 2019 stating it would put a fraud alert on Robert Elefante's credit file. Experian's investigation stated that there was not enough information provided to allow Experian to delete or remove the reporting by the USDE, and thus, the report still shows the fraudulent Debt.

28. Equifax responded on February 3, 2019 stating it would put a fraud alert on Robert Elefante's credit file. Equifax never responded with a finding of their investigation into the January dispute.

29. Trans Union never responded to the January dispute.

30. In July of 2019, Robert Elefante was denied credit due to "collections" reported on his credit reports. At the time, the Debt at issue was the only debt reported in collections on Robert Elefante's credit reports.

31. In September of 2019, Robert Elefante was again denied credit due to "collections" reported on his credit reports. At the time, the Debt at issue was the only debt reported in collections on Robert Elefante's credit reports.

# FIRST CAUSE OF ACTION

## Violations of the APA, 5 U.S.C. §701 *et seq.* – Defendant United States Department of Education

32. Plaintiff incorporates the allegations of Paragraphs 1-31 above as if set forth fully in this First Cause of Action.

33. The Note at question was never signed, authorized, or requested by Robert Elefante.

34. The information attached to the Loan Discharge Application is evidence that no contract for an FFEL Parent PLUS Loan was ever entered into by Robert Elefante.

35. Defendant incorrectly determined that Plaintiff is not entitled to a False Certification (Unauthorized Signature/Payment) discharge.

36. Under the APA, final agency action is judicially reviewable pursuant to 5 U.S.C. §§702 and 704.

37. Under the APA, Plaintiff asks this Court to exercise review over USED's determination and set aside the determination that Plaintiff is not eligible for a False Certification (Unauthorized Signature/Payment) discharge with regard to the Debt pursuant to 5 U.S.C. §706(2)(A), (B), (C), (D) and (F).

WHEREFORE, as against the United States Department of Education, Plaintiff prays for the following relief:

A. Declare that USED has violated the APA and set aside USED's determination;

B. Order USED to refund all money taken from Plaintiff to collect on the Debt;

C. Declare the Debt discharged, uncollectible and not legally enforceable;

D. Order USED to immediately delete and terminate all reporting by the credit reporting agency defendants regarding the Debt at issue on Plaintiff's credit reports;

E. Costs and reasonable attorney's fees pursuant to 28 U.S.C. §2412 (d);

F.   An order for such other and further relief as the court shall deem appropriate.


## SECOND CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Experian

32. Plaintiff incorporates the allegations of Paragraphs 1-31 above as if set forth fully in this Second Cause of Action.

33. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

34. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Experian.

35. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

36. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

37. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

38. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though denial of credit, as well as emotional distress.

39. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

WHEREFORE, as against Defendant Experian, Plaintiff prays for the following relief:

A.   An award of actual damages;

B. An award of statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k;

C. An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D. . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*;; and

E. For such other and further relief as the court shall deem appropriate.


**THIRD CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Equifax**

32. Plaintiff incorporates the allegations of Paragraphs 1-31 above as if set forth fully in this  Third Cause of Action.

33. Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

34. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Equifax.

35. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

36. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

37. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

38. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though increased denial of credit, as well as emotional distress.

39. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual

damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

WHEREFORE, as against Defendant Equifax, Plaintiff prays for the following relief:

A. An award of actual damages;

B. An award of statutory damages 15 U.S.C. § 1681n and § 1692k;

C. An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D. . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*; and

E. For such other and further relief as the court shall deem appropriate.


**FOURTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant TransUnion**

32. Plaintiff incorporates the allegations of Paragraphs 1-31 above as if set forth fully in this Fourth Cause of Action.

33. TransUnion is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

34. Pursuant to FCRA § 1681i, TransUnion has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with TransUnion.

35. TransUnion violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the USDE account when requested to do so.

36. TransUnion failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to the USDE constitutes willful and/or negligent violations of FCRA § 1681i.

37. When preparing a credit report regarding a consumer, TransUnion is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

38. As a result of TransUnion failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though denial of credit, as well as emotional distress.

39. For its willful violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

40. For its negligent violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

WHEREFORE, as against Defendant Transunion, Plaintiff prays for the following relief:

A.  An award of actual damages;

B.  An award of statutory damages 15 U.S.C. § 1681n and § 1692k;

C.  An award of punitive damages pursuant to 15 U.S.C. § 1681n;

D.  . An award of costs and attorney fees pursuant to 15 U.S.C. § 1681*o*; and

E.  For such other and further relief as the court shall deem appropriate.


DATED: March 25, 2021

**PLAINTIFF, ROBERT ELEFANTE**

By: ____/s/ Joshua Cohen_____
Joshua Cohen, pro hac vice
Cohen Consumer Law, PLLC
PO Box 1639
West Dover, VT  05356
Tel (802) 380-8887
jcohen@thestudentloanlawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, I electronically filed the foregoing Amended Complaint using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record.

By: ____/s/ Joshua Cohen_____
Joshua Cohen