| | | |
|---|---|---|
| ROBERT ELEFANTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00463-LEW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, AND TRANSUNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT U.S. DEPARTMENT OF EDUCATION'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant the United States

Department of Education ("Defendant" or the "Department of Education") answers the Amended

Complaint (ECF No. 18) (the "Complaint") filed by Plaintiff Robert Elefante ("Plaintiff") on

knowledge, information, and belief as follows:

**I. INTRODUCTION**♦

1.       Paragraph 1 of the Complaint sets forth Plaintiff's characterization of this action, to

which no response is required.  To the extent a response is deemed to be required, Defendant admits

only that Plaintiff purports to seek relief in this action against the Department of Education pursuant

to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. (the "APA"), and against Defendants

Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC

(together, the "Credit Reporting Agency Defendants") pursuant to the Fair Credit Reporting Act, 15

§ 1681 *et seq*. (the "FCRA").  Defendant denies that Plaintiff is entitled to the relief he purports to

---

♦ For convenience, headings in this Answer correspond to the headings used by Plaintiff in the Complaint
and do not constitute allegations, averments, or admissions by Defendant.

seek against the Department of Education in this action, or to any relief whatsoever against the Department of Education. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 1 of the Complaint against the Credit Reporting Agency Defendants and, on that basis, denies same.

## II. PARTIES

2.       As to the first sentence of Paragraph 2 of the Complaint, Defendant admits only that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff currently resides in Woolrich, Maine, and, on that basis, denies same. The second sentence of Paragraph 2 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent a response is deemed to be required, Defendant admits the allegations asserted in the second sentence of Paragraph 2 of the Complaint.

3.       Defendant admits that the Department of Education is an agency of the U.S. federal government; that the Department of Education is the holder of the Federal Family Education Loan Program Federal PLUS Loan Application and Master Promissory Note dated March 24, 2008, signed by "Robert F Elefante" as Borrower/Parent for the benefit of Student Cassandra L. Elefante (the "Note"); and that the Department of Education administers several loan programs that are authorized by Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 *et seq*. Defendant otherwise denies the allegations asserted in Paragraph 3 of the Complaint.

4.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 4 of the Complaint and, on that basis, denies same.

5.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Complaint and, on that basis, denies same.

6.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6 of the Complaint and, on that basis, denies same.

## III. JURISDICTION

7.      Paragraph 7 of the Complaint sets forth one or more conclusions of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits only that the Court has subject matter jurisdiction over Count I of the Complaint, *i.e.*, Plaintiff's APA claim against the Department of Education, pursuant to 28 U.S.C. § 1331.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining jurisdictional allegations asserted in Paragraph 7 of the Complaint against the Credit Reporting Agency Defendants and, on that basis, denies same.

8.      Paragraph 8 of the Complaint sets forth one or more conclusions of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits only that the Department of Education is subject to this Court's personal jurisdiction.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining jurisdictional allegations asserted in Paragraph 8 of the Complaint against the Credit Reporting Agency Defendants and, on that basis, denies same.

9.      Paragraph 9 of the Complaint sets forth one or more conclusions of law, to which no response is required.  To the extent a response is deemed to be required, Defendant admits only that venue in this Court is proper as to Count I of the Complaint, *i.e.*, Plaintiff's APA claim against the Department of Education.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining venue allegations asserted in Paragraph 9 of the Complaint against the Credit Reporting Agency Defendants and, on that basis, denies same.

## IV. FACTUAL ALLEGATIONS

10.      Defendant admits only that the Note is a Federal Family Education Loan Program Federal PLUS Loan Application and Master Promissory Note dated March 24, 2008, signed by "Robert F Elefante" as Borrower/Parent for the benefit of Student Cassandra L. Elefante.  Defendant otherwise denies the allegations asserted in Paragraph 10 of the Complaint.

11.     Defendant admits only that the execution of the Note resulted in a loan being originated, pursuant to which the original lender, RBS Citizens NA, sent, on about August 27, 2008 and January 26, 2009, disbursements of $17,528.00 each to the University of New Haven for the benefit of Cassandra L. Elefante (minus loan origination fees) for a total loan amount of $35,056.00.

12.     Defendant denies the allegations asserted in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations asserted in Paragraph 13 of the Complaint.

14.     Defendant admits only that the Note listed 369 Kirks Lane, Drexel Hill, PA 19026 in the address fields in the "Borrower (Parent) Section." Defendant otherwise denies the allegations asserted in Paragraph 14 of the Complaint.

15.     Defendant admits only that the Noted listed jelefante@rcn.com in the "Email Address" field in the "Borrower (Parent) Section." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 15 of the Complaint and, on that basis, denies same.

16.     Defendant admits only that the Note listed 610-248-2443 in the "Home Area Code/Telephone Number" field in the "Borrower (Parent) Section." Defendant otherwise denies the allegations asserted in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations asserted in Paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 18 of the Complaint and, on that basis, denies same.

19.     Defendant denies the allegations asserted in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations asserted in Paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 21 of the Complaint and, on that basis, denies same.

22.     Defendant admits only that, in February 2018, Plaintiff submitted a "Loan Discharge Application: False Certification (Unauthorized Signature/Payment)" form with accompanying

attachments to the Department of Education.  To the extent that Paragraph 22 of the Complaint purports to characterize the contents of Plaintiff's February 2018 submission, Defendant responds that the submission is a document that speaks for itself and denies that Paragraph 22 of the Complaint fully and accurately characterizes its contents.

23.     Defendant admits only that, in February 2018, Plaintiff submitted a "Loan Discharge Application: False Certification (Unauthorized Signature/Payment)" form with accompanying attachments to the Department of Education.  To the extent that Paragraph 23 of the Complaint purports to characterize the contents of Plaintiff's February 2018 submission, Defendant responds that the submission is a document that speaks for itself and denies that Paragraph 23 of the Complaint fully and accurately characterizes its contents.

24.     Defendant admits only that, by letters dated April 13, 2018, and April 26, 2018, the Department of Education issued final agency decisions, both of which determined that Plaintiff did not qualify for discharge of the Note due to False Certification.  Defendant otherwise denies the allegations asserted in Paragraph 24 of the Complaint.

25.     Defendant admits only that (a) in January 2018, the Department of Education sent a "Notice of Proposed Garnishment" letter to Plaintiff; (b) on May 14, 2018, the Department of Education issued a "Garnishment Hearing Decision" letter to Plaintiff; and (c) the Department of Education's Dispute Resolution Group received a letter sent on behalf of Plaintiff dated August 17, 2018.  To the extent that Paragraph 25 of the Complaint purports to characterize the contents of these letters, Defendant responds that the letters are documents that speak for themselves and denies that Paragraph 25 of the Complaint fully and accurately characterizes their contents.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26 of the Complaint and, on that basis, denies same.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 of the Complaint and, on that basis, denies same.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 28 of the Complaint and, on that basis, denies same.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 29 of the Complaint and, on that basis, denies same.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 30 of the Complaint and, on that basis, denies same.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 31 of the Complaint and, on that basis, denies same.

## FIRST CAUSE OF ACTION
### Violations of the APA, 5 U.S.C. §701 *et seq*. – Defendant United States Department of Education

32.     Defendant incorporates its responses to Paragraphs 1-31 of the Complaint as if set forth fully herein.

33.     Defendant denies the allegations asserted in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations asserted in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations asserted in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint sets forth a conclusion of law, to which no response is required.

37.     Paragraph 37 of the Complaint contains a characterization of this action, to which no response is required.  To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief he seeks in Paragraph 37 of the Complaint or to any relief against the Department of Education whatsoever.

38.     The "Wherefore" Paragraph following Paragraph 37 of the Complaint sets forth Plaintiff's prayer for relief against the Department of Education, to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the

relief he seeks against the Department of Education in his prayer for relief or to any relief whatsoever

against the Department of Education.

**SECOND CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Experian**

**THIRD CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Equifax**

**FOURTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant TransUnion**

39.     The Second, Third, and Fourth Causes of Action in the Complaint set forth

allegations and claims for relief against the Credit Reporting Agency Defendants, to which no

response by the Department of Education is required.  To the extent a response by the Department of

Education is deemed to be required, Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations asserted in the Second, Third, and Fourth Causes of Action

and, on that basis, denies same.

**<u>GENERAL DENIAL</u>**

Except to the extent expressly admitted above, Defendant denies each and every

allegation asserted in Plaintiff's Complaint.

WHEREFORE, pursuant to its Answer, Defendant requests that the Court dismiss the

Complaint as against the Department of Education; enter judgment for Defendant; and grant such

other and further relief as the Court deems proper.

Respectfully submitted,

DONALD E. CLARK
ACTING UNITED STATES ATTORNEY

Dated:  April 8, 2021

/s/ Ashley E. Eiler
Ashley E. Eiler
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 771-3244
ashley.eiler@usdoj.gov
*Counsel for the U.S. Department of Education*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2021, I electronically filed the foregoing using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record.

DONALD E. CLARK
ACTING UNITED STATES ATTORNEY

/s/ Ashley E. Eiler
Ashley E. Eiler
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 771-3244
ashley.eiler@usdoj.gov
*Counsel for the U.S. Department of Education*